IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CRIMINAL NO. 04-30139-WDS |
| | ) | |
| GERALD HOWLIET, | ) | |
| | ) | |
| Defendant. | ) | |

## UNITED STATES' RESPONSE TO MOTION TO DISMISS

Comes now the United States of America, by and through its attorneys, Edward E. McNally, United States Attorney for the Southern District of Illinois, and Mark R. Niemeyer, Assistant United States Attorney, and for its  response to defendant's Motion to Dismiss (Doc. No. 493), states as follows:

## INTRODUCTION

In his Motion to Dismiss (Doc. No. 493), Gerald Howliet challenges his detention on July 25, 2003, as an illegal arrest.  Howliet then goes on to pray for dismissal of all charges against him because of the illegal arrest.  Howliet's motion fails at several levels:  first, the remedy sought by Howliet, dismissal, is not available to him, even if this Court were to deem his detention an illegal arrest; second, the detention of Howliet was based upon probable cause, based upon reasonable suspicion, and was otherwise proper; third, the detention of Howliet did not lead directly, indirectly, or in any fashion, to any evidence or statements sought to be used against him at trial.

## FACTUAL BACKGROUND

On July 24, 2003, DEA agents obtained a search warrant for Gerald Howliet's residence, at 2347 Carole Street in Cahokia, Illinois.  The warrant was based upon probable cause that Gerald Howliet's residence contained, among other things, cocaine.  At the time they obtained the search warrant, agents knew that Gerald Howliet was the sole resident of 2347 Carole Street based upon intelligence and previous surveillance.  As a result, at the time agents went to execute the search warrant at Gerald Howliet's residence, they had probable cause to believe that Gerald Howliet possessed cocaine at his residence, i.e., probable cause to believe that Gerald Howliet had committed a felony.

Armed with the judicially approved search warrant and their information regarding Gerald Howliet, agents set out to execute the search warrant on July 25, 2003, at approximately 12:40 p.m. For a number of reasons, prior to the execution of the search warrant, agents sought to detain Gerald Howliet if he could be located.  Among the agents' reasons were that they had probable cause to believe to that Gerald Howliet was guilty of possession with intent to distribute cocaine, agents wished to give Gerald Howliet the opportunity to permit quiet entry into his home (avoiding property damage and allowing the possibility that others would not be made aware of the search warrant so that the DEA investigation could continue), and agents wished to protect their safety and the safety of others by preventing Howliet from returning home during the execution of the search warrant.

On July 25, 2003, prior to the execution of the search warrant, East St. Louis Police Officers did locate Gerald Howliet and brought him back to their police station.  DEA agents met with Howliet at the East St. Louis Police Station to determine whether Howliet wished to cooperate in

the execution of the search warrant.  Howliet refused to cooperate.  As a result, Howliet remained at the East St. Louis Police Station while the search warrant was executed so that he could not disrupt the execution and so he would not contact any other individuals to disrupt the execution. Howliet was then released pending later charges.  While at the East St. Louis Police Station, Howliet made no statements regarding the investigation and no evidence was seized from him.  As mentioned above, the information necessary to obtain the search warrant was obtained prior to July 25, 2003.

## ARGUMENT

Based upon the above circumstances, the brief detention of Gerald Howliet at the East St. Louis Police Station was proper for a number of reasons.  First, probable cause existed that Gerald Howliet had committed and was committing the felony of possession with intent to distribute cocaine.  Second, agents had reasonable, articuable suspicion that Howliet had been and was engaged in the possession with intent to distribute cocaine.  *See Terry v. Ohio*, 392 U.S. 1, 20-22 (1968); *United States v. Weaver*, 8 F.3d 1240, 1243-44 (7th Cir. 1993).  Finally, it is proper to detain an individual during the obtaining and/or execution of a search warrant at his residence for various reasons including officer safety, orderly execution of the search warrant, and the prevention of the destruction of evidence.  *See Illinois v. McArthur*, 531 U.S. 326, 330-32 (2001); *California v. Beheler*, 463 U.S. 1121, 1125 (1983); *Michigan v. Summers*, 452 U.S. 692, 702 (1981); *United States v. Saadeh*, 61 F.3d 510, 519-20 (7th Cir. 1995); *United States v. Burns*, 37 F.3d 276, 279 (7th Cir. 1994); *United States v. Price*, 888 F.2d 1206, 1209 (7th Cir. 1989); *see also, United States v. Yett*, 85 Fed.Appx. 471, 474, No. 02-5958 (6th Cir. 2004) (unpublished); *Katzka v. Leong*, 11 Fed.Appx. 854, 855-56, No. 99-17223 (9th Cir. 2001) (unpublished);  *Simmons v. Boldus*, 2000WL799736, No. 98-3617, *2 (7th Cir. 2000) (unpublished).

Perhaps most importantly, the remedy Howliet seeks is unavailable.  Howliet seeks dismissal of charges against him based upon his alleged illegal arrest.  Assuming *arguendo* that Howliet's arrest or detention was improper, he is not entitled to dismissal of the charges against him.  "[A]n illegal arrest without more can never be the bases for the dismissal of an indictment." *United States v. Colman*, 149 F.3d 674, 676 n.1 (7th Cir. 1998)(quoting *New York v. Harris*, 495 U.S. 14, 18 (1990)).  "[A]n illegal arrest does not confer immunity on the arrestee." *United States v. Fairchild*, 526 F.2d 185, 188 n.6 (7th Cir. 1975).  There exist no bases, and Howliet cites to none, for Howliet's requested dismissal of the charges.  Further, there is no link between Howliet's alleged illegal arrest/detention and any evidence to be used against Howliet in the pending criminal case; Howliet can point to no such link.  As a result, with no possible remedy to be afforded in the criminal case, this Court need not determine whether the detention was proper and can deny Howliet's motion on its face, without a hearing.

For the foregoing reasons, Howliet's Motion to Dismiss should be denied.

Respectfully submitted,

EDWARD E. McNALLY
United States Attorney


*s/Mark R. Niemeyer*
MARK R. NIEMEYER
Assistant United States Attorney
Nine Executive Drive
Fairview Heights, IL 62208
Phone:  618-628-3700
Fax:  618-628-3772
E-Mail:  Mark.Niemeyer@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,    )
                             )
              Plaintiff,     )
                             )
        vs.                  )        CRIMINAL NO. 04-30139-WDS
                             )
GERALD HOWLIET,              )
                             )
              Defendant.     )

**Certificate of Service**

I hereby certify that on March 6, 2006, I electronically filed United States' Response to

Motion to Dismiss with the Clerk of Court using the CM/ECF system which will send notification

of such filing(s) to the following:

        John M. Delaney, Jr.

                            Respectfully submitted,

                            EDWARD E. McNALLY
                            United States Attorney

                            *s/Mark R. Niemeyer*
                            MARK R. NIEMEYER
                            Assistant United States Attorney
                            Nine Executive Drive
                            Fairview Heights, IL 62208
                            Phone:  618-628-3700
                            Fax:  618-628-3772
                            E-Mail:  Mark.Niemeyer@usdoj.gov