IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| UNITED STATES OF AMERICA, | ) |
| --- | --- |
| Plaintiff, | ) |
| vs. | ) Case No. 3:04-cr-30139-9-SMY |
| GERALD HOWLIET, | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

Before the Court is Defendant's *pro se* motion styled "Motion 35(a) to vacate or correct Illegal Sentence. This motion is not to be misconstrued as a second successive or a 60(d) motion and to be ruled on the merits of the issues." (Doc. 1187). The Court finds that the motion would be time-barred under Federal Rule of Criminal Procedure 35(a). Also, notwithstanding Defendant's statement that, "[this] motion is not to be misconstrued as a second successive or a 60(d) motion and to be ruled on the merits of the issues," the Court further finds that the motion is in fact actually a Petition for Relief under 28 U.S.C. § 2255, and is barred as successive. Therefore, the motion is **DENIED**.

In March 2007, a jury convicted Defendant Gerald Howliet on three counts: possession with intent to distribute cocaine base, possession with intent to distribute heroin and being a felon in possession of a firearm. (Docs. 701-703). In September 2007, Howliet was sentenced to concurrent terms of life, 360 months and 120 months in prison. (Doc. 867). He appealed, and his conviction was upheld in 2008. (Doc. 923). In 2009, Howliet filed a Habeas Petition pursuant to 28 U.S.C. § 2255, which included a challenge to the validity of the search warrant issued in his criminal case. *Howliet v. United States of America*, Case No. 3:09-cv-00488-GPM

(S.D. Ill.). The Petition was denied, and both the District Court and the Seventh Circuit Court of Appeals denied a certificate of appealability. *Id.*

Howliet filed the current motion in January 2017, more than five years after the Seventh Circuit issued its mandate on his first Habeas Petition. (Doc. 1187). He seeks to challenge his sentence as the result of an alleged violation of the Fourth Amendment, due to defects surrounding a search warrant. Specifically, he alleges that the case number assigned to the search warrant was "bogus." (*Id.* at ¶¶ 5-6). Apparently, the Court was subsequently unable to locate the file for that miscellaneous case number, although a copy of the search warrant was provided to him. (Docs. 465-1, 1140). Howliet asserts that this renders the search warrant improper, and asks that his sentence be vacated unless the Government can prove the warrant was "registered at the Court house." (Doc. 1187 at ¶¶ 9-10).

As an initial matter, the motion is improperly brought under Federal Rule of Criminal Procedure 35(a). The current Rule 35(a) provides that "[w]ithin 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." Howliet was sentenced more than ten years ago and is therefore outside the time limit for altering his sentence under the current Rule. Howliet may be relying on an older version of Rule 35(a) which "allow[ed] for the correction at any time of an illegal sentence imposed for offenses committed before the effective date of the Sentencing Reform Act (November 1, 1987)." *United States v. Boyd*, 591 F.3d 953, 955 (7th Cir. 2010). However, because the crimes for which Howliet was convicted were committed in 2003, the older version of the rule is inapplicable. (Doc. 1, Counts 6-8).

It appears that Howliet is actually attempting to assert a second § 2255 claim under a different guise so as to avoid the requirements and restrictions imposed on filing such successive

petitions—indeed, his insistence in the title of the motion that this is *not* a "second successive" suggests that this is his intent. Moreover, the Court will look past the title of a motion and treat it according to its true nature, under the principle that substance trumps form. See *Boyd*, 591 F.3d at 955 (construing a purported Rule 35(a) motion as a second successive § 2255 petition).

Under Rule 4(b) of the Rules Governing § 2255 Proceedings in United States District Courts, a judge receiving a § 2255 petition must conduct a preliminary review and, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." Here, a preliminary review of the motion demonstrates that it must be dismissed as an unauthorized second or successive habeas petition.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "governs § 2255 proceedings and imposes tight limits on second or successive petitions." *Vitrano v. United States*, 721 F.3d 802, 806 (7th Cir. 2013) (citing *Suggs v. United States*, 705 F.3d 279, 285 (7th Cir. 2013)). The AEDPA "allows every prisoner one full opportunity to seek collateral review." *Vitrano*, 721 F.3d at 806 (quoting *Johnson v. United States*, 196 F.3d 802, 805 (7th Cir. 1999)). Any additional, later-filed petition under § 2255 is a "second or successive" motion, which a district court may not entertain "unless the prisoner has first obtained authorization to file from the court of appeals." *United States v. Obeid*, 707 F.3d 898, 901 (7th Cir. 2013) (citing 18 U.S.C. §§ 2244(a); 2255(h)).

Howliet previously filed a § 2255 petition and received a full round of collateral review. The instant habeas petition is his second attempt at relief under § 2255, which requires prior approval from the Seventh Circuit. There is no indication, however, that he has sought permission from the Seventh Circuit to file successive § 2255 petitions. Therefore, this Court is

without jurisdiction to consider the pending motion under § 2255 and it is **DENIED**. *Obeid*, 707 F.3d at 901 (citing *Nuñez v. United States,* 96 F.3d 990, 991 (7th Cir. 1996)).

## CERTIFICATE OF APPEALABILITY

Because the Court treated this motion as one for habeas relief, it will address appealability as well. Rule 11(a) of the Rules Governing Section 2255 Proceedings instructs the district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Miller–El v. Cockrell,* 537 U.S. 322, 336 (2003). To meet this requirement, the petitioner must "demonstrate that reasonable jurists would find the district court's assessment of his constitutional claims debatable or wrong." *United States v. Fleming,* 676 F.3d 621, 625 (7th Cir. 2012) (quoting *Tennard v. Dretke,* 542 U.S. 274, 281 (2004)). The petitioner need not show that his appeal will succeed, but he must show "something more than the absence of frivolity" or the existence of mere "good faith" on his part. *Miller-El*, 537 U.S. at 337, 338.

Here, Howliet did not obtain leave to file a successive § 2255 petition. Thus, he is not entitled to issuance of a certificate of appealability.

**IT IS SO ORDERED.**

**DATED: November 3, 2017**

                                                      **s/ Staci M. Yandle**
                                                      **STACI M. YANDLE**
                                                      **United States District Judge**