IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 04–cr-30139-SMY-9 |
| | ) |
| GERALD HOWLIET, | ) |
| | ) |
| Defendant. | ) |

## ORDER

**YANDLE, District Judge:**

This matter is before the Court on Defendant Gerald Howliet's motion seeking a sentence reduction pursuant to § 404(b) of the First Step Act of 2018 (Docs. 1190, 1198). The Government filed a response in which it concedes that Defendant is entitled to a reduction (Doc. 1200). For the following reasons, Defendant's motion is **GRANTED**.

### Background

On November 30, 2004, Defendant was charged by Indictment with: (Count 1) conspiracy to distribute cocaine, cocaine base, and marijuana, in violation of 21 U.S.C. § 841(a)(1), § 841(b)(1)(A), and § 846; (Count 6) possession with intent to distribute 158.3 grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(A); (Count 7) possession with intent to distribute 6.1 grams of heroin, in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(C); and (Count 8) unlawful possession of a firearm, in violation of 18 U.S.C. § 922(g) (Doc. 1). The case proceeded to jury trial on March 15, 2007, and Defendant was found guilty as to Counts 6, 7, and 8 (Docs. 701-703). As to Count 6, the jury specifically found Defendant guilty of possession with

intent to distribute 158.3 grams of a mixture or substance containing cocaine base (commonly known as "crack" cocaine) (Doc. 702, Ex. 1).

Prior to sentencing, the United States Probation Office prepared a Presentence Investigation Report ("PSR") finding that Defendant's relevant conduct involved 158.3 grams of cocaine base, 50,505.3 grams of powder cocaine, and 6.1 grams of heroin, which converted to 22,345 kg of marijuana equivalent (Doc. 867). Under the Sentencing Guidelines Manual in effect at the time of Defendant's sentencing, 22,345 kg of marijuana equivalent translated to a Base Offense Level of 36 under U.S.S.G. § 2D1.1. The PSR imposed a two-point enhancement for possession of a weapon, which yielded a Total Offense Level of 38 (Doc. 867). Defendant was classified as a Criminal History Category III under the Guidelines (Doc. 867).

District Judge G. Patrick Murphy sentenced Defendant on September 17, 2007. At the time of sentencing, the statutory sentencing range for Count 6 was mandatory life; the statutory range for Count 7 was up to 30 years' imprisonment; and the statutory range for Count 8 was up to 10 years' imprisonment (Doc. 864, 865, 867, 868). An Offense Level 38 and Criminal History Category III yielded a Guidelines sentencing range of 292-365 months' imprisonment, however the Guidelines range for Count 6 became Life based on the statutory range (*Id*). Defendant was sentenced to Life on Count 6, 360 months' imprisonment on Count 7 and 120 months' imprisonment on Count 8, to be served concurrently (*Id*). Defendant's sentence was not previously reduced under the Fair Sentencing Act.

## Discussion

Congress passed the Fair Sentencing Act of 2010 which reduced the crack-to-powder penalty disparity from 100:1 to 18:1. Pub. L. No. 111-220, 124 Stat. 2372 (2010); *Dorsey v. United States*, 567 U.S. 260, 263–64 (2012). This reduction was made retroactive in 2018 with the

enactment of the First Step Act of 2018 ("the FSA"), which permits courts to reduce the sentences of defendants convicted of a "covered offense" before August 3, 2010. Pub. L. No. 115-391, 132 Stat. 5194 (2018).  The Court's authority to reduce a sentence under the FSA is limited to (1) federal offenses (2) committed before August 3, 2010, the effective date of the Fair Sentencing Act, (3) for which the Fair Sentencing Act changed the statutory penalty range, *i.e.*, certain crack cocaine offenses.  *See* First Step Act, § 404(a).  Whether to reduce a sentence under the FSA is within the discretion of the Court.  *See* First Step Act, § 404(c).

Here, Defendant moves to reduce his sentence under the FSA and requests a full resentencing hearing.  The Government concedes that Defendant is eligible for relief under the FSA but asserts that he is not entitled to plenary resentencing.  Specifically, the Government argues that Defendant's cocaine base sentence should be reduced under the FSA, and, as a result, his heroin sentence should be reduced under 18 U.S.C. § 3582(c)(2) based on the retroactive reduction under Amendment 782.  The Government notes that Defendant has already served his 10-year sentence for unlawful possession of a firearm and urges the Court to grant a proportionate sentence reduction as to the remaining two counts based on the existing record and without a new hearing.  In that regard, the Government argues the FSA does not authorize a plenary resentencing for Defendant's cocaine base offense and that a full resentencing is not authorized under Section 3582(c)(2).  *See United States v. Kamber*, 2019 WL 399935, *2 (S.D. Ill. Jan. 31, 2019).  Because the Court finds that a resentencing hearing is unnecessary in this case, it will leave an analysis of the Government's argument for another day.

The Government submits that a reduced sentence of 240 months on both counts to run concurrently would be appropriate in this case.  The Defendant request a reduction to the low end of the current range – 234 months.  In determining whether to exercise its discretion to reduce

Defendant's sentence, the Court looks to his pre-sentence and post-sentence conduct, including the relevant factors in 18 U.S.C. § 3553(a). *United States v. Shaw*, 957 F.3d 734, 741-42 (7th Cir. 2020). And while the Court is not bound to grant a reduction based on current statutes, guidelines, or sentencing law, they are also relevant to its consideration. *Id.*

The worksheet provided by the United States Probation Office identifies Defendant as eligible for a sentence reduction under the FSA and notes that the applicable Guidelines sentencing ranged has dropped from 292-365 at the time of sentencing to the current range of 235-293 (Doc. 1198, Ex. 1). The worksheet also notes Defendant's positive adjustment to BOP, including no disciplinary record, completion of his G.E.D. and other educational courses, and his work history (Doc. 1198-1).

The Court finds that a 235 month sentence properly accounts for Defendant's pre-sentence and post-sentence conduct and the sentencing factors and objectives set forth in 18 U.S.C. § 3553(a). Accordingly, Defendant's Motion for Reduction of Sentence (Docs. 1190, 1198) is **GRANTED**. Defendant Gerald Howliet's sentence is reduced from Life to **240 months on Counts 6 and 7 and remains 120 months on Count 8**, all to run concurrently. All other previously imposed terms of the sentence remain in full force and effect.

**IT IS SO ORDERED.**

**DATED: September 23, 2021**

**STACI M. YANDLE**
**United States District Judge**